IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

HAROLD FERGUSON                                                              PLAINTIFF

V.                              NO. 3:18-CV-242-BD

ANDREW SAUL, Commissioner
Social Security Administration[1]                                            DEFENDANT

# ORDER

## I. Introduction:

On May 17, 2016, Harold Ferguson applied for disability benefits, alleging disability beginning on February 14, 2016. (Tr. at 13) His claims were denied both initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge (ALJ) denied Mr. Ferguson's application. (Tr. at 26) He requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Mr. Ferguson filed this case seeking judicial review of the decision denying him benefits.

For the reasons explained below, the Court reverses the Commissioner's decision and remands for further review.

## II. The Commissioner's Decision:

The ALJ found that Mr. Ferguson had not engaged in substantial gainful activity since the alleged onset date of February 14, 2016. (Tr. at 15) At step two of the five-step

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

analysis, the ALJ found that Mr. Ferguson had the following severe impairments: history of right foot stress fracture, major depressive disorder, generalized anxiety disorder, and obesity. *Id*.

After finding that Mr. Ferguson's impairments did not meet or equal a listed impairment (Tr. at 16), the ALJ determined that Mr. Ferguson had the residual functional capacity (RFC) to perform work at the sedentary level with limitations. (Tr. at 18-19) He would require a sit/stand option that involved standing or walking in intervals of 60 minutes and sitting in intervals of 60 minutes. *Id.* He could occasionally stoop, kneel, crouch, crawl, and climb stairs. *Id*. He could never climb ladders or scaffolds. *Id*. He had the mental ability to understand, remember, and carry out simple job instructions; to make decisions/judgments in simple work-related situations; to respond appropriately with co-workers/supervisors, limited to occasional incidental contact that is not required to perform the work; and to respond appropriately to minor changes in the usual work routine. *Id*. He should avoid interaction with the public. *Id*.

The ALJ found, based on Mr. Ferguson's RFC, that he was unable to perform any past relevant work. (Tr. at 24) At step five, the ALJ relied on the testimony of a Vocational Expert (VE) to find, based on Mr. Ferguson's age, education, work experience and RFC, that he was capable of performing work in the national economy as document preparer and surveillance system monitor. (Tr. at 25) Thus, the ALJ determined that Mr. Ferguson was not disabled. (Tr. at 26)

## III. <u>Discussion:</u>

  A. Standard of Review

  In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

  B. Mr. Ferguson's Arguments on Appeal

  Mr. Ferguson maintains that the ALJ's decision to deny benefits is not supported by substantial evidence. He argues that the RFC assigned by the ALJ failed to include required limitations on concentration, persistence, and pace. He further argues that the ALJ erred at step five. Specifically, Mr. Ferguson asserts that the ALJ did not resolve an apparent conflict between the Dictionary of Occupational Titles (DOT) and the VE's testimony. He also maintains that the hypothetical posed by the ALJ did not incorporate all of the ALJ's RFC findings. The Court agrees with Mr. Ferguson with respect to his step-five argument.

Mr. Ferguson suffered from long-term anxiety and depression, for which he received regular psychiatric treatment. (Tr. at 412, 396-399, 401-404, 410) He was frustrated with the number of medications he was taking, and they were not resolving his problems. (Tr. at 245-249, 570) Therapy notes showed minimal progress. (Tr. at 270-296) He sometimes struggled to leave his house for days at a time and avoided the public when he did venture out. (Tr. at 40-45)

The ALJ observed that treatment notes from 2016 and 2017 showed flat and blunted affect, irritable mood, and combative and apathetic attitude. (Tr. at 24) Mr. Ferguson had passive suicidal ideations. *Id*. Brandon Treece, M.D., Mr. Ferguson's treating physician, completed a medical source statement that imposed moderate-to-extreme limitations in basic work functions, such as keeping a schedule, interacting with others, responding to changes in the work setting, completing a normal workday, and performing at a consistent pace. (Tr. at 592-593) The state agency reviewing doctors found that Mr. Ferguson had moderate limitations in his ability to accept instructions and respond appropriately to criticism or changes in the work setting. (Tr. at 67-69, 84-86)

The ALJ assigned an RFC for simple, unskilled work. Specifically, he found:

> [Mr. Ferguson] retain[ed] the mental ability to understand, remember, and carry out simple job instructions; to make decisions and judgments in simple work-related situations, to respond appropriately with coworkers supervisors limited to occasional incidental contact that is not required to perform the work, and to respond appropriately to minor changes in the usual work routine. He should avoid interaction with the public.

4

(Tr. at 19). The DOT lists jobs with graduated reasoning levels, with 1 being the simplest work. Level-1 reasoning requires the ability to "apply commonsense understanding to carry out simple one or two step instructions." *See Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010). The jobs that the VE identified for Mr. Ferguson require level-3 reasoning, which requires a worker to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form, and deal with problems involving several concrete variables in or from standardized situations." DOT, app. C., pt. III (1991 WL 688702 (4th ed. rev. 1991). Ferguson correctly argues that the assigned RFC for level-1 work and the level-3 jobs identified by the VE present an unreconciled conflict. The ALJ did not identify or resolve the conflict between the level-1 RFC and the level-3 jobs proposed by the VE.

ALJs are not required to recite verbatim reasoning-level language in their mental RFC restrictions; yet limiting a claimant to simple "one-to- two step tasks" is deemed incompatible with level-3 reasoning jobs—and even with jobs at level-2 reasoning. *See Thomas v. Berryhill*, 881 F.3d 672 (8th Cir. 2018); *Stanton v. Comm'r*, SSA, 899 F.3d 555 (8th Cir. 2018). In *Thomas*, the Court noted that expecting a claimant with a level-1 reasoning RFC to perform level-3 jobs is "a bridge too far." *Thomas*, 881 F.3d at 677.

The exact "one-to-two step" language, which directly tracks the level-1 reasoning definition, is absent from the ALJ's RFC in this case. But, it is clear that the ALJ decided that Mr. Ferguson could only perform simple, unskilled work based on his serious mental

5

impairments. Even without specific "one-to-two step" language, RFCs that more generally propose simple work with simple instructions and few changes to routine do not allow a claimant to perform level-3 reasoning jobs. *See James v. Berryhill*, Case No. 3:16-CV-00348-BD, at *6-7 (E.D. Ark. Feb. 8, 2018). *See also*, *Gilbert v. SSA*, Case No. 3:18-00198-PSH, at *7-8 (E.D. Ark. July 29, 2019).[2]

In this case, the ALJ did not question the VE about the conflict between the RFC for simple work and the DOT descriptions of the jobs identified. The ALJ is obligated to ask the VE for a reasonable explanation for an apparent conflict, such as the one here, so that the ALJ can determine whether to rely on the VE's testimony despite the conflict. *Moore v. Colvin,* 769 F.3d 987, 989-990 (8th Cir. 2014). In this case, neither the ALJ nor the VE addressed, or even acknowledged, the conflict regarding reasoning levels.

As an aside, it is unclear whether the ALJ's hypothetical to the VE specifically included the sit-stand option inherent in the RFC. Without clarification from the VE, the ALJ could not reasonably have relied on the VE's testimony at step five. (Tr. at 53-54)

## IV. Conclusion:

For the reasons stated above, the ALJ's decision is not supported by substantial evidence. The ALJ did not resolve a step-five conflict between the DOT and the VE's

---

[2] The *Gilbert* court noted the lack of precision in the ALJ's RFC language for simple work, suggesting that ALJs should craft RFC language to more closely track the DOT reasoning level descriptions. *Id.* ("the use of imprecise non-DOT language runs the risk of remand for clarification.")

testimony. The decision is hereby reversed, and the case remanded with instructions for further review.

IT IS SO ORDERED, this 17th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE